MISSOURI PAC. R. Co. *v.* TEXAS & P. RY. Co., (COX *et ux.*, Intervenors.)[1]

*(Circuit Court, E. D. Louisiana.* January 2, 1888.)

CARRIERS—NEGLIGENCE—UNSAFE PLATFORM—WARNING BY OFFICERS OF ROAD —REFERENCE.

In a claim for damages for injuries sustained by passengers falling off a railway platform, upon which they had alighted safely, and after they had been warned by an official of the railway as to their danger, the master did not rule specifically as to the effect of the warning in obligating the passengers to take greater care, but merely referred to it as being insufficient to fulfill the railway company's obligation of reasonable care in respect of safe conditions. *Held,* that as the question as to the effect of the warning had not received the attention its importance warranted, the case should be recommitted to the master for further hearing and report.

In Equity. On exceptions to master's report.

R. M. Cox and wife filed in intervention a claim against the receivers of the Texas & Pacific Railway Company, for damages from personal injuries sustained. The master reported, allowing claimants $1,400. The receivers excepted to the master's report.

*W. W. Howe,* for receivers.

*J. H. Kennard,* for intervenors.

[1] Reported by Charles B. Stafford, Esq., of the New Orleans bar.

PARDEE, J., (*orally.*)  Conceding for this case all the master has reported, and all that counsel for intervenors claims as to the responsibility of the receivers in regard to a safe and well-lighted platform for the egress and ingress of passengers to and from the railroad trains, there still remains the question whether the intervenors did not contribute through their own negligence to the injuries they received.  The evidence shows that they safely alighted on the platform amidst an unusually large crowd, at night, and thereupon commenced searching through the crowd for the friend with whom they intended to visit.  In so searching, they advanced towards the edge of the platform, when they were warned by an official of the railway as to their danger.  At the moment they heeded the warning and turned back, but immediately returned to the same place, and walked directly off the platform.  The evidence of the official who gave the warning is corroborated by another witness, and is not specifically denied by intervenors.  On this point the master does not specifically rule, and only refers to the warning as being insufficient to relieve the defendants, to-wit, "that even an admonition, in the confusion incident to as dark a situation, to a surging crowd, by one who, like the premises, was unknown to complainants, did not suffice the defendants' obligation of reasonable care in respect of safe conditions."  The confusion, and surging crowd, and dark situation, instead of depreciating the value of the warning, should have enhanced it to the complainants. Put upon their guard as they were, the question naturally arises as to whether then, if not before, they were not obligated to use some prudence and caution in taking care of themselves, and if they neglected the caution, and heedlessly walked in the dangerous way, and were injured, can it be said that they did not, by their own negligence, contribute to the injury?

As this question did not apparently receive the attention by the counsel for the parties appearing before the master which its importance warrants, and as the evidence can evidently be made more explicit, the case should be recommitted.  An order will therefore be entered recommitting the master's report for further evidence, if desired by either party and for further hearing and report.